UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESHAWN REED and MARVIN REED,**

       **Plaintiffs,**              **CIVIL ACTION NO. 10-CV-10968**

   vs.

                                   **DISTRICT JUDGE MARK A. GOLDSMITH**

**CITY OF ECORSE, ALVIN**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**DEMMINGS, JOHN ANDERSON,**
**DARREN FINDLING, and VICTOR**
**DELEON,**

       **Defendants.**
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DEFENDANT JOHN ANDERSON'S ORIGINAL FIELD NOTES (DOCKET NO. 17)**

This matter comes before the Court on Plaintiffs' Motion To Compel Production Of Defendant John Anderson's Original Field Notes. (Docket no. 17). Defendants filed a response. (Docket no. 22). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 23). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 18). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Plaintiffs allege that they were convicted on August 27, 2001 of Assault with Intent to Commit Murder arising out of the March 12, 2000 shooting of Shannon Gholston in the City of Ecorse. Plaintiff DeShawn Reed was also convicted of felony firearm in connection with the shooting. Plaintiffs allege that on July 8, 2009 state court Judge Patricia Fresard granted their motion for relief from judgment upon newly discovered evidence and after the victim recanted his

testimony. Plaintiffs allege that the Wayne County Prosecutor subsequently moved for an Order of Nolle Prosequi, which was granted on July 31, 2009.

Shortly thereafter, Plaintiffs brought this civil rights action for damages pursuant to 42 U.S.C. § 1983 and state law, alleging various constitutional violations, malicious prosecution, gross negligence, and intentional infliction of emotional distress against individual Defendants involved in the Plaintiffs' criminal investigation and prosecution, as well as the City of Ecorse for its policies and failure to train its officers. Plaintiffs allege *inter alia* that the individual officers withheld exculpatory evidence from the Prosecutor's office, including Defendant John Anderson's Field Notes.

Plaintiffs now move for an order compelling Defendants to produce Defendant John Anderson's original Field Notes. Plaintiffs have copies of the Field Notes, but claim that the copies show that some substantive evidence was scratched out. Plaintiffs seek the original Field Notes so that they may be forensically examined in order to determine what information was scratched out on the original document. Defendants do not disagree that Plaintiffs are entitled to the original Field Notes, but argue that the notes either no longer exist or cannot be located. The parties' Joint Statement reveals that the only remaining unresolved issue is whether Defendants should be required to contact the former City Attorney to try to locate the original Field Notes. (Docket no. 23).

Under Federal Rule of Civil Procedure 37(a)(3)(B)(iv), the Court can compel discovery if a party fails to properly respond to a request submitted under Federal Rule of Civil Procedure 34. Rule 34 permits a party to serve on another party a request to produce so long as the requested materials are within the responding party's possession, custody or control. E.D. Mich. LR 37.2 requires that "[a]ny discovery motion filed pursuant to Fed.R.Civ.P. 26 through 37, shall include,

in the motion itself or in an attached memorandum, a verbatim recitation of each . . . request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2.

Plaintiffs have not demonstrated that they served on Defendants a proper Rule 34 discovery request. In addition, Plaintiffs failed to provide a verbatim recitation of the request and Defendants' answer or objection as required by the local court rules. Plaintiffs also have not demonstrated that Defendant Anderson's original Field Notes are within the Defendants' possession, custody, or control. The Court will therefore deny Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Compel Production Of Defendant John Anderson's Original Field Notes (docket no. 17) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 2, 2011                        s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 2, 2011                        s/ Lisa C. Bartlett
                                            Case Manager